DEMOND v. CRARY.

*(Circuit Court, E. D. New York. January 11, 1882.)*

1. **REV. ST. NEW YORK, VOL. 1, p. 738, § 139, CONSTRUED—MORTGAGES.**
    Revised Statutes of New York, vol. 1, p. 738, § 139, which declares that no mortgage shall be construed as implying a covenant for the payment of the money, and that if there be no express covenant for such payment in the mortgage, and no bond or other separate instrument to secure payment, the remedy of the mortgage shall be confined to the land, construed not to mean that, in the absence of an express covenant in the mortgage for the payment of the debt, and any bond or other separate instrument to secure payment, a personal action cannot be maintained for a mortgage debt when proved by competent evidence, whether in writing or parol; but that an action for a debt secured by mortgage cannot be sustained merely by the production of the mortgage, when it contains no express covenant to pay the debt.

Motion to Set Aside a Verdict and for a New Trial.

*Johnson & Lamb,* for plaintiff.

*S. W. Holcomb,* for defendant.

WHEELER, D. J. This cause has been heard upon the motion of the defendant to set aside the verdict for the plaintiff, and for a new trial. The plaintiff was surety for the defendant on an appeal bond in the state courts of New York. The judgment appealed from was affirmed and the condition of the bond broken. The plaintiff paid the judgment, and the defendant, by a deed absolute on its face, conveyed an interest in some lands and houses situated in New York to the plaintiff to secure repayment of the sum paid. The verdict is for the amount due of that sum. The defendant claimed at the trial that this conveyance was in reality a mortgage, and that the plaintiff could not recover for this money on account of a provision in the statutes of New York—vol. 1, p. 738, § 139; vol 3, (6th Ed.) p. 1119, §

160—which declares that no mortgage shall be construed as implying a covenant for the payment of the money; and that if there be no express covenant for such payment in the mortgage, and no bond or other separate instrument to secure payment, the remedy of the mortgagee shall be confined to the land. The evidence was equivocal as to whether the plaintiff paid the judgment compulsorily, in discharge of his own obligation, and took the security afterwards, or furnished it by way of a voluntary loan to the defendant, made upon that security; and the court submitted that question to the jury, with directions to return a verdict for the plaintiff if they found the former, and for the defendant if they found the latter, to be the case. The decision of the motion depends upon the correctness of this instruction. The diligence of counsel has brought to notice but very few cases bearing upon the construction of this statute. The statute appears to have been designed to remove doubts of construction, and to declare the law, rather than to restrict rights; and this seems to be the view taken of it by Chancellor Kent. There had been cases in which it had been held that the condition in a mortgage, if the mortgagor shall pay, etc., implied a covenant that the debt existed, and that the mortgagor would pay, making the mortgage deed not only proof of the mortgage but proof of the debt also, although it contained no express promise or covenant to pay the debt. *King* v. *King*, 3 P. Wms. 358. And in *Ancaster* v. *Mayer*, 1 Bro. Ch. Cas. 454, at 464, Lord Chancellor Thurlow had said:

"A man mortgages his estate without covenant, yet because the money was borrowed the mortgagee becomes a simple contract creditor, and in that case the mortgage is a collateral security, and if there is a bond or a covenant, then there is a collateral security of a higher species, but no higher by means of the mortgage merely."

In the text of Kent's Commentaries it was laid down that—

" The covenant must be an express one, for no action of covenant will lie on the proviso or condition in the mortgage; and the remedy of the mortgagee, for non-payment of the money according to the proviso, would seem to be confined to the land, where the mortgage is without any express covenant or separate instrument."

In a note to the third edition, referring to this statement, he said: "This doctrine has been made a statute provision in the New York Revised Statutes," and referred to this statute. Then he referred to the intimation of Lord Thurlow, and added: "But the statute of New York has disregarded the suggestion."

In the fifth edition he added to the note: "And it is in opposition to the current of authority and reason of the thing." Vol. 4, p. 145. In all this the effect of a transaction of loaning money and taking a mortgage, without more, seems to be what is spoken of. The statute seems to be aimed against sustaining an action for a debt secured by mortgage merely by the production of the mortgage, when it contains no express covenant to pay the debt. It sets out with the declaration that no mortgage shall be construed as implying a covenant, etc., and what follows seems to be intended to carry out that principle. That a personal action can be maintained for a mortgage debt when proved by competent evidence, whether in writing or by parol, cannot be questioned.

In *Conway* v. *Alexander*, 7 Cranch, 218, Mr. Chief Justice Marshall said: "It is, therefore, a necessary ingredient in a mortgage that the mortgagee should have a remedy against the person of the debtor." And in *Russell* v. *Southard*, 12 How. 139, Mr. Justice Curtis said: "In such a case it is settled that an action of *assumpsit* will lie." In a case like this the deed could not be shown to be a mortgage without showing the debt; showing it to be security would involve showing what it secured. Still the statute is understood to apply as well to an absolute deed made for security, as to a conditional one made for security. Each is understood to be a mortgage. *Hone* v. *Fisher*, 2 Barb. Ch. 559. But here is not the mere transaction of loaning money and taking either a technical mortgage or an absolute deed for security. When the plaintiff paid the money for the defendant, as his surety, the law raised the promise at once from the defendant to repay it; and a cause of action accrued for it immediately, and that is the cause of action in suit. The proof of it consists in transactions entirely separate from the deed. The conveyance was not taken in satisfaction of this pre-existing debt; neither was it any consideration for the debt. Nothing rests upon any implication in the deed. The statute was not intended to take away perfected causes of action, which could be proved without violating it, and the proof of this cause of action is not touched by it. This view is the more satisfactory because upholding the suit for the plaintiff will not enable him to collect any more than his just due, however ample the security may be; and if the suit failed, and the security should be inadequate, he might, for want of ability to maintain the suit, lose some part of what justly belongs to him.

The motion must be denied, and judgment be entered on the verdict.